### IGNACIO OROSCO V. STATE.

No. 30,184. December 3, 1958.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of narcotic drug paraphernalia; the punishment, five years.

Officer Rosas of the San Antonio narcotic bureau testified that at an early hour on the morning in question he and Officer Maroney, armed with a warrant for the arrest of Henry Escamillo, presented themselves at Escamillo's residence and were admitted by the appellant, who was in the front bedroom with his wife, and at about this time Escamillo and his wife came in the front room from the back bedroom, that he placed Escamillo under arrest and asked him if he might search the house and Escamillo said, "Go ahead, you won't find anything." Rosas stated that he had prior to this seen a warrant for the arrest of the appellant in the hands of another officer, and so he instructed the appellant, who was dressed in his shorts, to put on his clothes preparatory to taking him into custody. He stated

that appellant reached for a pair of pants hanging on a nearby chair but that Officer Maroney grabbed the pants, searched them, and removed therefrom an eyedroper and hypodermic needle wrapped in a brown paper, and then handed the pants to the appellant, who put them on. Officer Maroney corroborated Rosas's testimony. The entire package was forwarded to the Department of Public Safety and Chemist Tullis testified that he found traces of heroin on the needle and droper.

Dr. Dalkowitz testified that he examined the appellant shortly after his arrest and found that his arm had been punctured with a hypodermic needle.

The appellant did not testify in his own behalf, but called Escamillo's wife, who testified that the appellant and his wife were staying in her home at the time of his arrest, but denied that her husband had given the officers permission to search. He also called Henry, who further denied that he gave permission for the search, but also denied that the hypodermic needle and eyedropper belonged to him.

The jury resolved such disputed issues as there were against the appellant, and we find the evidence sufficient to support the verdict.

No formal bills of exception appear in the record, and no brief has been filed. We shall not discuss the informal bills of exception which appear in the record other than to observe that no reversible error is reflected thereby.

The judgment is affirmed.